**THOMPSON v. LAWSON et al.**

No. 8088.

United States Court of Appeals for the District of Columbia.

Argued Nov. 9, 1942.

Decided Dec. 7, 1942.

Mr. Garfield C. Thompson, of Washington, D. C., for appellant.

Messrs. Jacob N. Halper and Herman Miller, both of Washington, D. C., for appellees Lawson, Crittenden and Hart.

Mr. Arthur P. Drury, of Washington, D. C., entered an appearance for appellee Drury, Trustee.

Before GRONER, C. J., and MILLER and EDGERTON, JJ.

EDGERTON, Justice.

This appeal arises out of interpleader proceedings. Appellee Drury, as trustee, foreclosed a first deed of trust upon certain real property. The foreclosure produced a surplus over the amount of the secured debt. Thereupon Drury interpleaded persons who, he conceived, might claim an interest in this surplus. Appellant Thompson and the appellees other than Drury are among the persons interpleaded.

In 1922, one Levy owned the lot in question and executed this first deed of trust. Levy executed at the same time a second deed of trust to Evans. Levy then conveyed the lot to Ford subject to these two trusts. Between 1924 and 1926 Ford executed several additional deeds of trust on the lot. In two of these additional trusts appellant Thompson was the trustee and the former owner, Levy, was the secured creditor. Ford warranted the property "specially," i. e., against persons claiming through or under her,[1] and covenanted to execute any necessary "further assurances." In 1929, Evans foreclosed the second deed of trust. Warren bought the lot at that foreclosure sale and conveyed to Marshall, who conveyed to the former owner, Ford. In 1934 Ford made a new deed of trust, which was foreclosed in 1938. Appellee Lawson purchased at that foreclosure sale, and made a deed of trust to appellees Crittenden and Hart.

The District Court ruled that appellee Drury should pay the surplus proceeds of

[1] D.C.Code (1940) § 45—305.

the foreclosure of the first trust to appellees Crittenden and Hart, to the extent of Lawson's debt to them, and the balance, if any, to appellee Lawson. From a summary judgment to that effect Thompson, as trustee under two deeds of trust referred to above, appeals.

The question is whether reacquisition of title by a former owner (Ford), after a senior lien (the second trust) has been foreclosed, revives junior liens (the deeds of trust to appellant Thompson) to which the former owner had subjected the property before the senior lien was foreclosed.[2] If so, appellant is entitled to the surplus in suit. If not, appellees are entitled to it.

Normally, of course, foreclosure of a senior lien subordinates all junior liens to the rights of subsequent purchasers. We agree with the District Court that in the absence of fraud or collusion, of which there is no sufficient averment here, this rule applies despite the fact that a subsequent purchaser happens to be that former owner of the property who, as mortgagor, had created the junior liens. Appellant urges that Ford, when she reacquired title, was estopped to assert it against him; on the familiar principle that one who does not own what he purports to convey may not, in violation of his covenants of warranty, assert an after-acquired title against his grantee.[3] But this principle has no application where "a valid mortgage has been lost rather than a defective one perfected."[4] Appellant actually got from Ford, by virtue of her deeds of trust to him, exactly what he thought he was getting—a security title subject to senior encumbrances. Though the deeds of trust to him may not have mentioned the first and second deeds of trust, the existence of those senior encumbrances was not concealed from him and his beneficiary Levy; on the contrary, Levy was Ford's immediate predecessor as owner of the property, and had herself placed the first and second trusts upon it. The effect of Ford's covenants in her deeds of trust to appellant was limited by their terms, and by the known fact that she possessed and intended to convey only an equity of redemption from prior trusts.[5] Appellant lost that equity by foreclosure of the second trust, and not by breach of any covenant. In these circumstances there is no basis for estopping either Ford herself, or the present appellees to whom her after-acquired title has passed, from asserting that title against appellant.

Affirmed.

---

[2] See Note, 111 A.L.R. 1285.

[3] Van Rensselaer v. Kearney, 52 U.S. 297, 11 How. 297, 322 ff., 13 L.Ed. 703; Note, 58 A.L.R. 345.

[4] Bowen v. A. R. Boyd Enterprises, 326 Pa. 385, 191 A. 137, 140.

[5] Cf. Zandri v. Tendler, 123 Conn. 117, 193 A. 598, 601, 111 A.L.R. 1280, 1283.